## AFFIDAVIT

I, Ciara Corbett, a Special Agent of the Federal Bureau of Investigation (FBI), being duly sworn, depose and state the following:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) Joint Terrorism Task Force and have been employed since January 2020. I am currently assigned to the FBI's Boston Division, Providence, Rhode Island Resident Agency, Joint Terrorism Task Force (JTTF). I have worked in the counterterrorism field for five years and have worked specifically on counter-terrorism matters involving domestic terrorism. Through my training and experience I have witnessed and am familiar with the strategy, tactics, methods, tradecraft and techniques of domestic terrorism. As a Special Agent with the FBI, I am authorized by law or by government agency to engage or supervise in the prevention, detention, investigation, or prosecution of a violation of federal criminal laws.

2. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal law and duly authorized by the Attorney General to request a search warrant.

3. This affidavit is submitted in support of an Application for a Criminal Complaint charging CARL D. MONTAGUE (MONTAGUE), Date of Birth (DOB) ▓▓▓▓▓▓▓ SSN ▓▓▓▓▓▓, last known address of ▓▓▓▓▓▓▓▓▓▓ Providence, RI, 02909 with violations of 18 U.S.C. § 871 (threats against the President)§ 875(c) interstate threats), and § 115(a)(1)(B) (threats to U.S officials with intent to impede the performance of official duties).

4. The facts set forth in the Affidavit are based on my personal observations, my training and experience, information obtain from other agents, local, state, and federal police, witnesses, and records obtained during the investigation. Because I submit this Affidavit for the limited purpose of showing probable cause, I have not included in this Affidavit each and every fact that I have learned in this investigation. Rather, I have set forth only facts sufficient to establish probable cause to issue an arrest warrant for the individual identified herein. Unless

specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## PROBABLE CAUSE

5. On June 27, 2025, at 11:30 pm, Trump Media and Technology (T Media Tech), the parent organization of social media platform Truth Social, notified the United States Secret Service (USSS) of a threat submitted by an unknown subject utilizing Truth Social handle @tacoustic (NRID[1]), posted towards President Donald Trump (POTUS), White House Deputy Chief of Staff Stephen Miller (DCOS Miller), and Attorney General Bondi (AG Bondi). The threat read:

> "It's a shame you won't get to see the end of your f****** term, because I'm gonna make sure I put a bullet rate (sic) between your f****** head you piece of s***, you Pam Bondi. Stephen f****** miller, all you b******, are gonna get a f****** bullet to the head every single f****** one of you."

6. T Media Tech provided the Truth Social subscriber information for handle @tacoustic as email address ▓▓▓791@gmail.com and location, Providence, Rhode Island.

7. On June 28, 2025, at 3:45 pm EST the National Threat Operations Center (NTOC) Operations Control Center (OCC) received an electronic tip submitted by the FBI's Strategic Information & Operations Center (SIOC) regarding the above threats towards POTUS, DCOS Miller and AG Bondi.

8. On June 28, 2025, an Emergency Disclosure Request (EDR) was submitted to Google for email address ▓▓▓791@gmail.com. Google returns provided the last data connection IP address as 96.238.1.154, Providence, RI. Open-source searches show IP address 96.238.1.154 belongs to Internet Service Provider (ISP) Verizon.

9. On June 29, 2025, an EDR was submitted to Verizon Wireless for IP address 96.238.1.154. Verizon returns provided Customer name "Open Doors," Account Address 485

---

[1] Truth Media did not provide a definition for "NRID" but based on my training and experience I believe it could stand for Network Recognition Identification.

Plainfield, Unit 1, Providence, RI, Daytime Phone 4012141818.

10. A possible PayPal account was identified through open-source searches for ███791@gmail.com. On June 29, 2025, an EDR was submitted to PayPal for email address ███791@gmail.com. PayPal returns provided PayPal account 5212342639583498385, subscriber Carl Montague, DOB ███, SSN ███, phone number ███9390, address ███, Providence, RI 02909.

11. Further EDR returns provided by PayPal identified an additional account, 5441262177561231650, with subscriber Carl Montague, DOB ███, SSN ███, phone number ███9390, address ███, Providence, RI 02909, and email address ███791@gmail.com. Additionally, on March 8, 2025, account 5441262177561231650 registered a mobile login to IP address 96.238.1.154.

12. On Sunday, June 29, 2025, agents attempted to locate Carl Montague at 485 Plainfield Street, Providence, RI. 485 Plainfield is an apartment building associated with Open Doors, a non-profit organization dedicated to assisting individuals re-enter society post incarceration. The building had a secure entrance, so agents were unable to gain entry, as the front office was closed on Sunday. Your affiant provided a photo of MONTAGUE to several individuals sitting outside the building entrance who stated they recognized the individual as "Joe's friend" but indicated he had not lived there in a few years.

13. Open-source searches conducted on ███, Providence, RI yielded results for a "Joseph Webb," whom your affiant believed could be the "Joe" the individuals had referenced previously.

14. On Monday, June 30, 2025, agents attempted to locate MONTAGUE again at 485 Plainfield Street. Agents coordinated with Open Doors Program Management to approach Apartment 209. Agents made contact with Joseph Webb who claimed he knew MONTAGUE; however, MONTAGUE was not there, and that he (Joseph) had not seen him (MONTAGUE) in a few days.

15. Open Doors management suggested that a resident on the third floor knew Joesph

and may know of MONTAGUE. Agents and management proceeded to speak to the resident who insisted MONTAGUE was most likely in Joe's apartment at that moment. The individual also stated MONTAGUE occasionally physically assaults Joe. Agents and management returned to the second floor. Management entered Apartment 209 for an Annual Apartment Check and confirmed that MONTAGUE was inside the apartment hiding in the bathtub. Management asked MONTAGUE to speak to Agents. MONTAGUE agreed to speak to Agents, but only inside the apartment. Agents spoke to MONTAGUE and Joe separately.

16. MONTAGUE began confessing to making threats before agents were able to introduce themselves or explained why they were there. Your affiant identified herself and presented a copy of the threat and asked MONTAGUE if it was the post he is talking about. MONTAGUE confirmed it was the post he submitted.

17. MONTAGUE stated he was smoking a lot of marijuana when he posted the threat. MONTAGUE claimed he deleted his Truth Social account after sending the message. MONTAGUE was upset with current politics and expressed his frustrations via Truth Social. MONTAGUE did not have a specific reason to direct his threat towards DCOS Miller and AG Bondi. MONTAGUE observed their names in prior threads and posts he was viewing and then submitted his post. MONTAGUE claimed he could not identify AG Bondi. MONTAGUE expressed remorse for his post.

18. MONTAGUE stated he did not have any intentions of shooting or inflicting any violence on any Government officials. MONTAGUE does not own or have access to any weapons. MONTAGUE did not have plans, intentions, or the means to travel to conduct violence.

### CONCLUSION

19. Based on the above, I submit there is probable cause CARL D. MONTAGUE committed a violation of 18 U.S.C. § 875(c), which makes it a crime to transmit in interstate commerce any communication containing any treat to kidnap any person or any threat to injure the person of another.

20. There is also probable cause MONTAGUE committed a violation of 18 U.S.C. § 115(a)(1)(B), which makes it a crime to threaten to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

21. Finally, there is probable cause MONTAGUE has violated 18 U.S.C. § 871, which makes it a crime to convey any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States, the President-elect, the Vice President or other officer next in the order of succession to the office of President of the United States.

_____
Ciara Corbett
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by  telephone call
(specify reliable electronic means)

7/7/2025
Date

Providence, R.I.
City and State

Judge's signature
John J. McConnell, U.S. District Judge